Browne, J.
The learned trial justice, in his opinion,' states that the dismissal of the complaint “should not be-on the merits,” and the ground for his action appears to be based upon the fact that the proof of the assignment of the cause of action was insufficient, yet he states in his opinion, that he “is constrained to hold that the warrant of attachment was not vacated within the meaning of the statute.” This necessarily brings up the merits of the action for discussion, and the question as to whether the judgment can be sustained depends upon the correctness of that conclusion. If that is correct, it would be unnecessary to interfere with the judgment because of error in the finding that the assignment of the cause of action was insufficiently proven.
I think, however, that the record establishes an authorized transfer of the claim, and that the warrant of attachment was in law vacated. It was shown by the witness Wilder that the president of the United States Reflector Company signed the instrument, and that the corporate-seal of the company was impressed thereon; this is sufficientprima facie to show that it was affixed by authority of the corporation, and carries with it the presumption of the-officer to execute the instrument. Whitney v. Union Trust Co., 65 N. Y., 577.
The contention of the respondent that the officer of the company who executed the. instrument should have appeared before a notary and have sworn to the fact that he had been authorized by the board of directors to execute the same is but the suggestion of the means to an end, or one of the ways provided by law for the convenience of suitors and others to establish proof of the due execution of an instrument. It is neither conclusive upon the parties, nor does it exclude the right to resort to other means pro vided by law to make such proof.
The mode of proof adopted, and the recitals in the instrument, show that the assignment was authorized by the board of directors for the purpose of discharging an obligation of the corporation. These are sufficient, if unimpeached, to pass the title to the claim. Whitney v. The Union Trust Co., supra; and see New England Iron Co v. Elevated Railroad Co., 91 N. Y., 154.
The next question to be considered is whether the warrant of attachment was vacated.
The Code, section 640, permits an action to be brought. upon an undertaking given to procure an attachment if the defendant recovers judgment, or if the warrant is vacated. The last event, the plaintiff claims, occurred by virtue of an order made by Mr. Justice Barrett on the 5th of May, 1883. The language of the order is in effect that the war *527 rant “ is vacated ” and the levy released unless the plaintiff within three days gave a further undertaking. It is conceded that the condition was not complied with, so that accepting the literal construction of the order, the warrant of attachment is deprived of all vitality. But the respondent claims that the order should be interpreted simply as a release of the levy thereunder, leaving the warrant in its full vigor, and the penalty of vacation should not be imposed for failure to give additional security, provided for by section 682 of the Code. And that the contract of the defendants did not involve their liability, unless the warrant was-vacated upon the merits.
Now, what is the contract the defendants entered into with the plaintiff’s assignor in this action? To pay all costs awarded, and all damages the defendant in that action might sustain by reason of the attachment, not to exceed $1,000, if the defendant recover judgment or if the warrant is vacated. This is the condition required by law to be contained in the undertaking (Code, § 640), ana the undertaking must be given before the warrant can issue. It has never been questioned that if the plaintiff failed to give the undertaking, or in case it was defective, that the court could vacate the warrant or make it a condition of its continuance that the plaintiff should give a new undertaking. I scarcely think that it would be seriously contended that the effect of such an order would be to be absolutely set aside the warrant. It will be observed that section 640 fixed the minimum penalty of the undertaking, but leaves to the discretion of the judge the right to require an undertaking in such greater sum as he may in his discretion deem sufficient for the protection of the defendant. It is apparent, therefore, while the extraordinary remedy of attachment was permitted for the protection of creditors, the spirit of the law was to extend its protection over the debtor in case a wrong was done to him by the application of the remedy. And that this protection might be as comprehensive as the nature of each particular case would seem to require, the courts are vested with discretionary power to fix the amount of security required from the plaintiff in the first instance and to increase it thereafter. Section 682, Code, provides that after the warrant was granted, application by an aggrieved party might be made to increase the security. It is clear to me that the law contemplated vesting in the -court a continuous discretionary power of protection to the defendant during the pending of the action, and by parity of reasoning, if the court had the power to vacate for want of the first undertaking, it seems to' me that a like penalty would follow the failure to give further security when ordered by the court. It is true that the *528 Code does not expressly provide a penalty in the event of the failure of the plaintiff to give the additional security .required, but where a right is given, the power to enforce .it is necessarily implied, and when the means of enforcement must be determined by the court which makes the order, and is within its discretionary power, can we say .that the means adopted was unauthorized or an abuse of discretion because" it imposed a penalty of vacating of the warrant instead of directing a discharge of the levy under it? The proposition of the defendant that the latter was the order which should have been made, implies the right of this court to review a decision of the supreme court. It is scarcely necessary to say that that power is not vested in "this court. The sureties (these defendants) have no cause for complaint. The event which they agreed should fix their liability has happened. They said if the ‘ warrant which their principals applied for was vacated they would pay the damage incurred by the defendants in that suit by reason of its issuance.
They did not limit their liability by an expressed condition in the undertaking that such vacatur should be only upon the merits, that is, that- the facts which conferred jurisdiction upon the judge to issue the warrant were not "true. Nor can I find legal authority to sustain a conclusion "that such condition could be supplied by implication. When they signed the undertaking they became bound by the laws controlling the remedy, and assumed the risk of their principals, not only to maintain the action, but to sustain the attachment throughout the pendency of the suit. The failure of their principals to do these things, or either of them, establishes their liability to answer in damages. Nothing has been done to enlarge their liability nor was additional risk added to that which they undertook, nor were they deprived of any safeguard upon which they relied when they signed the bond. . They are asked in this action to pay to the plaintiff damages not in excess of the penalty of the undertaking, after the happening of the event which establishes their liability.
To ask courts to inquire into the cause of a vacation in an action upon an undertaking in the absence of fraud and where the jurisdiction of the court granting the order is not assailed, would, in my opinion, lead to more confusion and possible injustice than is even claimed by the respondents. They will suffer if this -court declines to engraft upon the order of the supreme court a different meaning to the sentence “is vacated” than that which it literally conveys.
The fact that the action is still pending does not alter the defendant’s liability; as stated, a right of action upon the undertaking arises in favor of the defendant’s if judgment *529 .runs in their favor or if the warrant be vacated. The contingencies are independent of each other and the happening of either is sufficient to maintain the action.
The judgment should be reversed and a new trial ordered, with costs to abide event.
Hall, J., concurs.